IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JERIMIAH MACINTIRE,

    Plaintiff,

v.

PAN-O-GOLD BAKING COMPANY (d.b.a. Village Hearth Bakery); and SELECT PERSONNEL SERVICES, INC. (d.b.a. Remedy Intelligent Staffing),

    Defendants.

Civil Action No. 08-CV-134

---

SETTLEMENT AGREEMENT

This matter is before the Court for entry of this judgment by consent of the parties to effectuate a compromise and settlement of all claims. After review and consideration, the Court believes that entry of this judgment is in the interest of justice.

1.    Plaintiff, Jerimiah Macintire ("Macintire"), commenced the above entitled action in the United States District Court for the Western District of Wisconsin, alleging that the Defendants Pan-O-Gold Bakery (d.b.a. Village Hearth Bakery) and Select Personnel Services, Inc. (d.b.a. Remedy Intelligent Staffing) ("Remedy") violated the Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA") by (a) by denying Macintire reemployment at Village Hearth Bakery and/or refusing to retain Macintire as an employee at Village Hearth Bakery because of Macintire's military membership, performance of military service, and/or his military obligations; and (b) by failing and refusing to allow Macintire to be reemployed in the position of employment at Village Hearth Bakery in which Macintire would have been employed

if the continuous employment of Macintire had not been interrupted by Macintire's military service from May 14, 2005 to May 15, 2005.

2. As a result of settlement discussions, Macintire and Defendants have resolved their differences and have agreed that this action should be settled by entry of this Settlement Agreement. It is the intent of the parties that this Settlement Agreement be a final and binding settlement in full disposition of all claims alleged in the Complaint filed in this case.

## STIPULATED FACTS

3. Pursuant to USERRA, the parties acknowledge the jurisdiction of the United States District Court for the Western District of Wisconsin over the subject matter of this action and of the parties to this case for the purpose of entering this Settlement Agreement and, if necessary, enforcing this Settlement Agreement and the Private Letter of Agreement referenced in Paragraph 10 below.

4. Venue is proper in this district for purposes of this Settlement Agreement and any proceedings related to this Settlement Agreement and the Private Letter of Agreement referenced in Paragraph 10 below. Defendants agree that all statutory conditions precedent to the institution of this lawsuit have been fulfilled.

5. Defendant Pan-O-Gold acquires employees through Defendant Remedy for the operation of Village Hearth Bakery. The employees provided to Pan-O-Gold by Defendant Remedy for the operation of Village Hearth Bakery are paid initially by Defendant Remedy, but all work duties, including when the employee is scheduled to report to work, are dictated by Defendant Pan-O-Gold. Generally, after a period of satisfactory performance, Defendant Pan-O-Gold hires employees provided by Defendant Remedy for the operation of Village Hearth Bakery to full-

2

time, permanent positions at Village Hearth Bakery. When an employee provided to Pan-O-Gold by Remedy transitions to a permanent position at Village Hearth Bakery, Defendant Pan-O-Gold provides the employee with a wage increase and other employment benefits.

6. In May 2005, Macintire was hired by Remedy for a position at Village Hearth Bakery. During Macintire's first week of work at Village Hearth Bakery, Macintire provided Pan-O-Gold notice that Macintire was a member of the Army Reserves ("Reserves") and needed various weekends off from work for required Reserves duty, including the upcoming weekend. On or about May 10, 2005, after being notified of Macintire's need for time off for Reserves duty, Pan-O-Gold contacted Remedy and informed Remedy that Macintire's scheduling requirements were problematic. On Monday, May 16, 2005, the day after the conclusion of his weekend Reserves duty, Macintire contacted Remedy to obtain his Village Hearth Bakery work schedule for that week. Remedy informed Plaintiff Macintire that he was not being allowed to return to work at Village Hearth Bakery because of his limited availability to work on weekends.

## FINDINGS

7. Having examined the terms and provisions of the Settlement Agreement, the Court finds the following:

   a. The Court has jurisdiction over the subject matter of the action and the parties to this action.

   b. The terms and provisions of this Settlement Agreement are fair, reasonable, and just. The rights of the parties are protected adequately by this Settlement Agreement.

   c. This Settlement Agreement conforms with the Federal Rules of Civil Procedure and USERRA, and is not in derogation of the rights and privileges of any person. The entry of this

Settlement Agreement will further the objectives of the USERRA and other applicable laws and will be in the best interest of the parties.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:**

NON-ADMISSION

8. This Settlement Agreement is being entered with the consent of the parties and shall not constitute an adjudication or finding on the merits of the case or be construed as an admission by the Defendants of any violations of USERRA, or any other law, rule or regulation, dealing with or in connection with equal employment opportunities.

NON-RETALIATION

9. Defendants shall not take any action against any person which constitutes retaliation or interference with the exercise of such person's rights under USERRA, or because such person gave testimony or assistance or participated in any manner in any investigation or proceeding in connection with this case.

REMEDIAL REQUIREMENTS

10. The Parties have agreed to keep confidential the terms relating to the relief being provided to Macintire. The parties have executed a Private Letter of Agreement reflecting these terms.

DISPUTE RESOLUTION AND COMPLIANCE

11. The Court shall retain jurisdiction and will have all available equitable powers, including injunctive relief, to enforce this Settlement Agreement and the Private Letter of Agreement referenced in Paragraph 10 above. Upon motion of any party, the Court may schedule a hearing

4

for the purpose of reviewing compliance with this Settlement Agreement and the Private Letter of Agreement referenced in Paragraph 10 above. The parties shall engage in good faith efforts to resolve any dispute concerning compliance prior to seeking review by the Court. The parties shall be required to give notice to each other ten (10) days before moving for review by the Court. All parties may conduct expedited discovery under the Federal Rules of Civil Procedure for the purpose of determining compliance with this Settlement Agreement or defending against a claim of non-compliance.

## MISCELLANEOUS

12. All parties shall bear their own costs and expenses of litigation, including attorneys' fees.

13. This Settlement Agreement constitutes the entry of final judgment within the meaning of Rule 54 of the Federal Rules of Civil Procedure on all claims asserted in this action. This Court retains jurisdiction over this matter, however, for the purpose of entering appropriate orders enforcing this judgment.

14. The terms of this Settlement Agreement and the Private Letter of Agreement referenced in Paragraph 10 above shall be binding upon the present and future owners, officers, directors, employees, agents representative and assigns of Defendants and the heirs, successors, and assigns of Macintire.

15. This Settlement Agreement along with the Private Letter of Agreement referenced in paragraph 10 above constitute the entire agreement and commitments of the parties. Any modifications to the Settlement Agreement and the Private Letter of Agreement must be mutually agreed upon and memorialized in a writing by all parties.

## EFFECTIVE DATE

16. The effective date of this Settlement Agreement shall be the date upon which it is entered by the Court.

17. This Settlement Agreement shall expire, and this action shall be dismissed, without further order of this Court, one year after entry of this Settlement Agreement. Plaintiff Macintire may move, for good cause, to extend the Settlement Agreement if the remedial relief called for in the Private Letter of Agreement referenced in Paragraph 10 above has not been effectuated. The Agreement will not be extended, however, unless the Court grants Macintire's motion. Any such extension may be granted by the Court only for such time as is necessary to effectuate the terms set forth in this Settlement Agreement and in the Private Letter of Agreement.

_____
Jeremiah Macintire
*PLAINTIFF*


Select Personnel Services, Inc.

By: _____
ANDREA GARZON, ESQ.
*COUNSEL for DEFENDANT SELECT PERSONNEL SERVICES, INC.*
3820 State Street
Santa Barbara, CA 93105


Pan-O-Gold Baking Company

By: _____
PATRICIA ALTON BAKER, ESQ.
*COUNSEL for DEFENDANT PAN-O-GOLD BAKING COMPANY*
444 East St. German St.
P.O. Box 848
St. Cloud, Minnesota 56302

IT IS SO ORDERED this 12th day of March, 2008.

*Barbara B. Crabb*
UNITED STATES DISTRICT JUDGE